# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### JANUARY 22, 2010 Session

## CHASE MANHATTAN MORTGAGE CORPORATION v. IDA B. STREET

### Direct Appeal from the Chancery Court for Shelby County
### No. 04-1559-02      Arnold Goldin, Chancellor

### No. W2007-02553-COA-R3-CV - Filed April 14, 2010

In 1991, Ms. Street executed a note and deed of trust in favor of National Bank of Commerce. National Bank of Commerce immediately assigned the deed of trust to Troy & Nichols, Inc. In 1994, Chase acquired Troy & Nichols, and in 2003, National Bank of Commerce released the deed of trust. Chase brought suit claiming that the deed of trust had been erroneously released, seeking to rescind the releases and to reinstate the deed of trust. The trial court granted summary judgment to Chase, and we affirm.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Brenda Oats-Williams, Memphis, Tennessee, for the appellant, Jo Ann Street

H. Keith Morrison, Jason S. Mangrum, Fayetteville, AR, for the appellee, Chase Manhattan Mortgage Corporation

# OPINION

## I. FACTS & PROCEDURAL HISTORY

On February 25, 1991, Ida B. Street ("Ms. Street") executed, in favor of National Bank of Commerce, both a note for the principal sum of $33,217.00 and a deed of trust for the real property located at 2327 Shasta Avenue, securing the note. The deed of trust was filed for recording with the Office of the Register of Shelby County, Tennessee, as Instrument No. CC 0979, and was re-recorded as Instrument No. CC 2963. On that same date, National Bank of Commerce assigned the deed of trust to Troy & Nichols, Inc.

In 1993, after falling behind on her note payments, Ms. Street filed for Chapter 13 bankruptcy. In 1994, Troy & Nichols, Inc. was acquired by Chase Manhattan Mortgage Corporation ("Chase"). Ms. Street received a discharge in the 1993 bankruptcy case in 1998. Ms. Street again fell behind on her payments, and a foreclosure sale was scheduled for December 1998. However, she filed a second bankruptcy petition, which was finalized, and her debts discharged, in October 2003.

On December 24, 2003, National Bank of Commerce recorded releases of the deed of trust with the Office of the Register of Shelby County, Tennessee.[1] Chase brought suit against Ms. Street on August 4, 2004, arguing that the deed of trust had been erroneously released, and requesting that the releases be rescinded and the deed of trust be reinstated. Chase filed a motion for summary judgment on December 29, 2005, which the trial court granted on October 22, 2007. Pursuant to its order, the trial court "set aside and cancelled" the deed of trust releases, and it "revived and declared enforceable" the deed of trust "according to its terms as if the Trust Deed Releases had not been recorded." Subsequently, Ida B. Street died, and Jo Ann Street ("Appellant") was substituted as the plaintiff pursuant to a January 2009 order.

## II. ISSUE PRESENTED

Appellant has timely filed her notice of appeal and presents the following issue for review, summarized as follows:

1. Whether the trial court erred in granting Chase's motion for summary judgment when Ms. Street was not allowed to testify, and when she was not properly summoned.

---

[1]A separate "Trust Deed Release" was recorded for both Instrument No. CC 0979 and Instrument No. CC 2963.

# III. STANDARD OF REVIEW

In the instant case, we are asked to review the trial court's grant of summary judgment to a defendant. We are bound by the following standard of review: Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." **Tenn. R. Civ. P. 56.04**. Ruling on a motion for summary judgment does not involve disputed issues of fact, but only questions of law. ***Owner-Operator Indep. Drivers Ass'n v. Concord EFS, Inc.***, 59 S.W.3d 63, 68 (Tenn. 2001). Thus, our standard for reviewing a grant of summary judgment is de novo with no presumption of correctness as to the trial court's findings. *See **Webber v. State Farm Mut. Auto. Ins. Co.***, 49 S.W.3d 265, 269 (Tenn. 2001). The evidence must be viewed "in the light most favorable to the nonmoving party," and all reasonable inferences must be drawn in the non-moving party's favor. ***Staples v. CBL & Assocs***., 15 S.W.3d 83, 89 (Tenn. 2000).

# IV. DISCUSSION

## A. Ownership and Payment of Loan

Although Appellant's statement of the issues does not address the validity of the releases, she appears to argue that the deed of trust was rightfully released because Chase did not own the deed of trust, and because the note secured by the deed of trust had been paid in full. The evidence presented shows otherwise.

The record demonstrates, as we stated above, that the original lender, National Bank of Commerce, assigned all of its rights regarding the deed of trust to Troy & Nichols, Inc. in 1991, and Chase acquired Troy & Nichols, Inc. the following year. When National Bank of Commerce released the deed of trust in 2003, it had not owned the loan in over twelve years.

Furthermore, the record shows that although Ms. Street received discharges in her two bankruptcy cases, her debt owed under the note had not been paid. In fact, according to an "Affidavit of Debt," as of October 2006, Ms. Street owed a total payoff amount of $32,205.51. Although a bankruptcy discharge could shield Ms. Street from personal liability, it would not prevent Chase, as a secured creditor, from foreclosing on her property if the underlying debt remained unpaid. ***See* 11 U.S.C.A. § 524; *In re Perry***, 388 B.R. 330, 335-36 (Bankr. E.D. Tenn. 2008); ***In re Pendlebury***, 94 B.R. 120, 122 (Bankr. E.D. Tenn. 1988). Thus, Ms. Street's bankruptcy did not "pay off" Chase as Appellant seems to believe such that a release of the deed of trust was appropriate.

### B. Service of Process

Next, Appellant attempts to challenge the sufficiency of the service of process made upon Ms. Street. Chase claims that after filing both its complaint on August 4, 2004, and its amended complaint on January 14, 2005, it immediately requested that summonses be issued. However, after the private process server attempting to serve the amended complaint indicated that Ms. Street could not be found, a publication order was granted. A legal notice ran for four consecutive weeks, from March 17, 2005 to April 7, 2005, in *The Daily News*.

On appeal, Appellant claims that Chase erred in not serving the summons upon Ms. Street within thirty days of the filing of its complaint, and in waiting until February 2005 to issue a notice by publication. She further claims that Chase knew that she had lived at the same address for more than thirty years and that she had been employed by the State of Tennessee for more than twenty years, and she maintains that *The Daily News* is "not readily read or available to the average Memphian."

We need not address the merits of this argument, as we find that Ms. Street waived the issue by failing to properly invoke the defense. "Insufficiency of service of process is an affirmative defense that must be presented in the defendant's answer or in a pre-answer motion." ***Allgood v. Gateway Health Sys.***, No. M2008-01779-COA-R3-CV, 2009 3129593, at *6 (Tenn. Ct. App. W.S. Sept. 22, 2009), *reh'g denied* (Oct. 20, 2009) (citing Tenn. R. Civ. P. 12.02(5); *Eaton v. Portera*, No. W2007-02720-COA-R3-CV, 2008 WL 4963512, at *3 (Tenn. Ct. App. Nov. 21, 2008)). It is unclear whether Ms. Street or Appellant raised insufficiency of service of process at any point prior to this appeal; however, the issue was clearly not raised in the manner required by Rule 12.02, and therefore, it is considered waived.

### C. Inability to Testify

Finally, Appellant asserts that the trial court erred in refusing to allow Ms. Street to testify before granting Chase's motion for summary judgment. "[Tennessee Rule of Civil Procedure 56.04] clearly states that the Court is to use 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' to determine whether the granting of a motion for summary judgment is proper." ***Rural Devs., LLC v. Tucker***, No. M2008-00172-COA-R3-CV, 2009 WL 112541, at *10 (Tenn. Ct. App. Jan. 14, 2009) *perm. app. denied* (Tenn. Aug. 17, 2009) (quoting *Rayburn v. E.J. Constr.*, No. 03A01-9306-CV-00212, 1994 WL 27616, at *2 (Tenn. Ct. App. Feb. 3, 1995)). "There is no mention in this Rule of the use of testimony of live witnesses because the Rule simply does not permit that kind of proof in this type of hearing." ***Id.*** (citing *Evco. Corp. v. Ross*,

528 S.W.2d 20 (Tenn. 1975)).  Allowing oral testimony during hearings on motions for summary judgment "would likely turn these hearings into 'mini trials'" and would thwart the Rule's purpose of providing a "'quick, inexpensive means of concluding cases, in whole or part, upon issues as to which there is no genuine dispute regarding material facts.'" *Id.* (quoting *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993)).  Because Appellant had no right to do so, we find that the trial court did not err in refusing to allow Appellant to testify at the summary judgment hearing.

## V.  CONCLUSION

For the aforementioned reasons, we affirm the decision of the chancery court.  Costs of this appeal are taxed to Appellant, Jo Ann Street, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.